IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KERRI CRAGHEAD, Individually and as
Personal Representative of the Wrongful
Death Estate of ROGER DERICK CRAGHEAD,
deceased,

      Plaintiff,

v.

                                                                               No. 1:22-cv-931 GBW/SCY

DEE KING TRUCKING, LP and
MICHAEL COLE,

      Defendants.

## ORDER TO AMEND COMPLAINT

This matter comes before the Court sua sponte, following its review of the Original Complaint for Negligence and Wrongful Death, filed December 6, 2022. Doc. 1. Plaintiff filed this matter in federal court citing diversity jurisdiction. *Id.* ¶ 7. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." "A federal court's jurisdiction must clearly appear from the face of a complaint . . . ." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). Plaintiff's complaint fails to allege the necessary facts in order to determine if this case is "between citizens of different States." 28 U.S.C. § 1332(a).

First, as to the individuals in this case, Plaintiff alleges that she is a "resident of the State of Missouri," Doc. 1 ¶ 1, and that Defendant Michael Cole is "a resident of the State of Texas," *id.* ¶ 5. Residency, however, is not equivalent to citizenship, *see Siloam Springs Hotel, L.L.C. v.*

*Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015), and Plaintiff fails to allege the citizenship of either individual.

Second, the complaint alleges that Defendant Dee King Trucking, LP is a "Texas Limited Partnership registered to do business and existing under the laws of the State of Texas with its principal place of business in Amarillo, Texas." Doc. 1 ¶ 4. But determining the citizenship of a limited partnership ("LP") is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). An LP, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Penteco Corp., Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1522-23 (10th Cir. 1991). Here, the complaint provides no additional information on the citizenship of the limited partnership's members.

**IT IS HEREBY ORDERED** that Plaintiff amend her Complaint to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than December 30, 2022.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by December 30, 2022 the Court may dismiss this action without prejudice.

_____
**UNITED STATES MAGISTRATE JUDGE**