IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KERRI CRAGHEAD, Individually and as
Personal Representative of the Wrongful
Death Estate of ROGER DERICK CRAGHEAD,
deceased,

        Plaintiff,

v.

                                                                       No. 1:22-cv-931 GBW/SCY

DEE KING TRUCKING, LP and
MICHAEL COLE,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      This matter comes before the Court following its Order to Amend (Doc. 3) and Plaintiff's Amended Complaint (Doc. 4). As background, Plaintiff filed this matter in federal court citing diversity jurisdiction. Doc. 1 ¶ 7. The Court, however, noted that Plaintiff's allegations were insufficient to sustain diversity jurisdiction in two ways: (1) Plaintiff failed to allege the citizenship of the individuals (Plaintiff Kerri Craghead and Defendant Michael Cole), instead only listing their residency; and (2) Plaintiff failed to allege the citizenship for the members of the limited partnership (Defendant Dee King Trucking, LP). Doc. 3 at 1. Accordingly, the Court directed Plaintiff to amend her complaint. *Id.* at 2. In response, Plaintiff filed an amended complaint sufficiently alleging the citizenship of the individuals. Doc. 4 ¶¶ 1, 5. However, the amended complaint still fails to allege the citizenship of the limited partnership's members. *Id.* ¶ 4.

      "In general, for jurisdictional citizenship, there are two types of business organizations: corporations and unincorporated associations." *Grynberg v. Kinder Morgan Energy Partners,*

1

*L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. § 1332(c). The citizenship of an unincorporated association, however, is generally determined by its members' citizenship. *Grynberg*, 805 F.3d at 905. Indeed, the Supreme Court has specifically looked at limited partnerships and held that the citizenship for diversity purposes of such an entity is determined by the citizenship of all its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). *See also Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613 (2d Cir. 2019) (in a case involving more than two hundred separate partners in an LLC, the party invoking jurisdiction bears the burden of establishing it, even if the jurisdictional question is extremely complicated); *West v. Louisville Gas & Elec. Co*., 951 F.3d 827, 829 (7th Cir. 2020) (where party invoking jurisdiction treated a partnership like a corporation for purposes of establishing diversity jurisdiction "because [counsel] did not know the details of its ownership structure," that was "not good enough" and "[t]he district judge should have insisted that all details of citizenship be established on the record").

In her original complaint, Plaintiff described the citizenship of Defendant Dee King Trucking, LP as a "Texas Limited Partnership registered to do business and existing under the laws of the State of Texas with its principal place of business in Amarillo, Texas." Doc. 1 ¶ 4. The Court issued an order to amend, pointing out that "the complaint provides no additional information on the citizenship of the limited partnership's members." Doc. 3 at 2. In her amended complaint, Plaintiff still fails to fix this deficiency. The amended complaint only alleges that

> Dee King is a Texas Limited Partnership registered to do business and existing under the laws of the State of Texas with its principal place of business in Amarillo, Texas. Based on information and belief, Dee King is a citizen of the United States and is a resident of the State of Texas and may be served by serving

> its registered agent D.T. King, Jr., 17601 St. Francis, Amarillo, TX 79108.
> Pursuant to the 14th Amendment of the United States Constitution, Defendant
> Dee King is therefore a citizen of Texas by the fact that it resides there.

Doc. 4 ¶ 4. Nowhere does the amended complaint list the citizenship of the limited partnership's members.

The order to amend advised Plaintiff that failure to allege facts sufficient for diversity purposes may result in dismissal of her case without prejudice. Doc. 3 at 2. Indeed, the Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking."). I therefore recommend dismissing Plaintiff's amended complaint without prejudice for lack of jurisdiction.

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**